**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4346**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEE COTTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00334-CCE-1)

Submitted: December 17, 2019               Decided: December 19, 2019

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Cotton pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012), and the district court sentenced him to 132 months' imprisonment and 3 years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning the reasonableness of Cotton's sentence. Although advised of his right to file a supplemental pro se brief, Cotton has not done so. The Government declined to file a response brief. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2012)] using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

Our review of the sentencing transcript reveals no significant procedural or substantive errors. The district court allowed the parties to present arguments, gave Cotton

the opportunity to allocute, considered the 18 U.S.C. § 3553(a) sentencing factors, and explained the selected sentence. The court adequately justified the upward-variant sentence of 132 months—from an advisory Sentencing Guidelines range of 92 to 115 months—by explaining that the range did not fully account for Cotton's egregious criminal history. The court also properly addressed defense counsel's argument that Cotton should receive a lesser sentence in light of Cotton's undiagnosed mental health issues, noting that, while it appreciated the point, a lesser sentence would not protect the public.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Cotton, in writing, of the right to petition the Supreme Court of the United States for further review. If Cotton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cotton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3